IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANIEL DORSEY                                                                                    PLAINTIFF

v.                                          3:12-CV-00136-BRW

MICHAEL R. WALDEN, *et al.*                                                           DEFENDANTS

## ORDER

On June 8, 2012, Plaintiff filed his Complaint alleging violations of his civil rights under 42 U.S.C § 1983 against Judge David Burnett, Prosecuting Attorneys Michael Walden and Lindsey Fairly, and Public Defender Richard West.[1] He also filed an Application to Proceed *In Forma Pauperis* ("IFP") and a Motion to Appoint Counsel.[2] For the reasons set out below, Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

I.      **Application to Proceed** *In Forma Pauperis*

Based on Plaintiff's Application, he does not have the funds to pay the filing fee. Accordingly, the Motion (Doc. No. 1) is GRANTED.   However, service is not appropriate at this time.

Plaintiff's Complaint is subject to screening in this case because he has filed for IFP status.[3] Title 28 U.S.C. § 1915(e)(2)(B)(iii)  requires the court to dismiss a case at any time if the court determines that the complaint "fails to state a claim on which relief may be granted."

---

[1] Doc. No. 2

[2] Doc. Nos. 1, 3.

[3] *Jones v. Redding*, Civil No. 11-386 (JNE/ AJB) 2011 WL 2971026 at * 4 n. 5 (D. Minn., June 24, 2011).

**II.     Screening Plaintiff's Complaint**

To provide civil redress for individuals whose constitutional rights were violated by state officials, Congress enacted a federal civil rights law codified in 42 U.S.C. § 1983.[4] The Supreme Court has inferred that common-law immunity defenses available to public officials should apply in § 1983 cases.[5] This Court screens § 1983 claims to determine whether immunity applies, "[b]ecause qualified immunity is [an] entitlement not to stand trial or face other burdens of litigation, [and] questions of qualified immunity must be resolved at earliest possible stage in litigation."[6]

The claims against Judge David Burnett, in his individual and official capacity, are barred because of judicial immunity. As early as 1872, the Supreme Court held that the proper administration of justice necessitated that a judicial officer should be free to act while exercising his vested authority.[7] Accordingly, judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their authority, and are alleged to have been done maliciously or corruptly.[8] A judge is only subject to liability when he has acted without any jurisdiction.[9] Since Judge David Burnett was officially acting as a circuit court judge, he is immune from liability and Plaintiff has failed to state a claim against him.

---

[4] 42 U.S.C. § 1983 (2006).

[5] See, e.g., *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976) (citing *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)).

[6] E.g., *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (U.S. 1985).

[7] *Stump v. Sparkman*, 435 U.S. 349, 356 (U.S. 1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (U.S. 1872)).

[8] *Id.*

[9] *Id.*

The claims against Prosecutors Michael Walden and Lindsey Fairley, in their individual and official capacities, are barred because of prosecutorial immunity. Prosecutorial actions "innately associated with the judicial phase of the criminal process" are protected by absolute immunity.[10] The need for impartiality and independence has led the Supreme Court to consistently hold that prosecutors receive absolute immunity for all actions taken as advocates of the state.[11] Since both Michael Walden and Lindsey Fairley were exercising prosecutorial discretion within their official duties, Plaintiff has failed to state a claim against them.

The claims against Richard West, in his individual and official capacity, as a public defender are barred. The Supreme Court held that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to" indigent defendants in state criminal proceedings.[12] A public defender has "absolute immunity from § 1983 actions for damages when acting within the scope of his official duties" and liability may attach only when the complaint alleges acts done outside the scope of duty.[13] A claim of malpractice or violation of professional ethics is cognizable only under state law and "such claims do not assume constitutional proportions and therefore are not within the scope of § 1983."[14] "Thus, when the

---

[10] *Imbler*, 424 U.S. at 423; *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) ("Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); see also *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) ("Immunity is not defeated by allegations of malice, vindictiveness, or self-interest.").

[11] See, e.g., *Id.* at 419.

[12] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

[13] *Caruth v. Geddes*, 443 F. Supp. 1295, 1299 (N.D. Ill. 1978) ("The defender's need for immunity is comparable to that of the prosecutor.").

[14] *Id.* at 1300 (citing *Ehn v. Price*, 372 F. Supp. 151, 152 (N.D. Ill. 1974)).

claim is that a public defender provided ineffective assistance of counsel, it does not state a cognizable claim under § 1983."[15] Since Richard West was officially acting as a public defender, he is entitled to immunity.

### 3. Motion to Appoint Counsel

Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, his Motion to Appoint Counsel (Doc. No. 3) is DENIED as moot.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 28th day of June, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15] *Polk*, 454 U.S. at 325; see also *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).